IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

V.                            CASE NO. 5:19-CR-50078-001

BENJAMIN GRAY BURRIS                                                              DEFENDANT

ORDER

Now pending before the Court are Defendant Benjamin Gray Burris's Motion for Bill of Particulars (Doc. 38) and Brief in Support (Doc. 39) and the Government's Response in Opposition (Doc. 40). The Motion is **DENIED**.

"The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009). "[A] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *Id.*

Dr. Burris contends that he cannot adequately prepare factual and legal defenses to the charges set forth in the Indictment because the allegations are not specific enough. He therefore fears that he will face unfair surprise at trial unless the Government is ordered to amend the Indictment and provide further clarifying details. The Court has reviewed the 20-page Indictment and disagrees that the charges are ambiguous or lacking in detail. Dr. Burris is alleged to have conspired with attorney and former Arkansas State Senator Jeremy Hutchinson to commit honest services wire fraud by paying Hutchinson to use his elected office to perform official actions that would benefit

Dr. Burris and his businesses. According to the Indictment, it was important to Dr. Burris that certain legislation (namely, the Dental Practices Act) be amended to benefit his individual business interests. He allegedly made payments or bribes to Hutchinson to influence him to effect changes to the legislation. *See* Doc. 1, ¶ 26.d. Dr. Burris also allegedly bribed Hutchinson to use his influence as a state legislator to convince members of the Arkansas Department of Human Services to expedite the approval of Medicaid applications for employees working for Dr. Burris's clinics. *Id.* at ¶ 26.e. Lastly, the Government believes that Dr. Burris attempted to conceal his wrongdoing by formally retaining Hutchinson as his attorney and setting up a retainer fund, and then using that fund to pay Hutchinson for both legitimate legal work and illegal legislative favors. Because Dr. Burris and Hutchinson held themselves out to be in "a legitimate attorney-client relationship," the Government contends that their "corrupt agreement" to commit honest services wire fraud was effectively hidden from public suspicion. *Id.* at ¶ 26.f.

In the Motion for Bill of Particulars, Dr. Burris claims that he does not understand which payments the Government contends were made to Hutchinson for illegal legislative action and which were made for above-board legal work. Dr. Burris insists that unless he receives some clarification, he will "be required to guess which portion of the payments made to Hutchinson are alleged to have been bribes." (Doc. 39, pp. 1–2).

The Indictment at paragraph 25 lays out the "Purposes of the Scheme" by explaining that Dr. Burris and Hutchinson attempted "to conceal the corrupt nature of their relationship by entering into a retainer agreement purportedly for Hutchinson to perform only legitimate legal services when in fact, both BURRIS and Hutchinson knew that the retainer agreement was designed to cover up the fact that BURRIS was also paying

Hutchinson for official acts." *Id.* at ¶ 25c. The subsequent paragraphs of the Indictment quote from specific text messages and emails exchanged between Dr. Burris and/or his employees and Hutchinson. *See, e.g., id.* at ¶¶ 27.A.–B. Without commenting in detail on the nature of these communications, it is clear to the Court that the factual allegations of wrongdoing and the dates when they allegedly occurred are set forth clearly in the Indictment.

Though the Government concedes that some of the work Hutchinson performed for Dr. Burris was legal, *see, e.g., id.* at ¶ 27.B.u, the Government does not contend, as Dr. Burris suggests, "that Hutchinson's legal work was simultaneously legitimate and unlawful." (Doc. 39, p. 5). Dr. Burris is not entitled to a bill of particulars to force the Government to disclose to him the manner in which it will attempt to prove the charges or its theory of the case. *See Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir. 1968) ("Acquisition of evidentiary detail is not the function of the bill of particulars.").

Accordingly, **IT IS ORDERED** that the Motion for Bill of Particulars (Doc. 38) is **DENIED**.

**IT IS SO ORDERED** this 19th day of June, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3